UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. _____

WATSON MUSIC GROUP, LLC,

      Plaintiff,

v.

SPOTIFY USA INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff WATSON MUSIC GROUP, LLC ("Watson"), by and through its undersigned attorneys, as and for its Complaint against Defendant SPOTIFY USA INC. ('Spotify"), alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for willful copyright infringement brought by Watson against Spotify for its unauthorized use of the musical compositions in blatant disregard of the exclusive rights that are vested in Watson.

2.    Spotify is a multi-billion dollar business with assets which primarily consist of the songs made available on its digital platform.

3.    Among the songs on the Spotify platform are musical compositions with rights solely owned by Watson, which were never licensed for use to Spotify.

4.    Upon information and belief, the Spotify business model is based upon the willful infringement upon copyrights owned by others, such as Watson.

5.    Spotify never had any license to any of the works owned by Watson which are listed in the chart attached hereto and made a part hereof as Exhibit "1" (the "Watson Songs").

1

6.      In light of the willful actions of Spotify, which will be established in this case, the maximum statutory damage award of $150,000 for each of the Watson Songs is the only damage award which would be appropriate in this case.

## PARTIES

7.      The Plaintiff Watson is a Florida limited liability company with offices located within the Southern District of Florida.

8.      Watson is the owner by assignment of the Watson Songs with full rights to enforce the intellectual property rights and damages claimed in this action.

9.      The Defendant Spotify is a Delaware corporation with its principal place of business in New York, although it maintains locations throughout the United States, including in Miami, Florida which is within the Southern District of Florida.

## JURISDICTION AND VENUE

10.      The jurisdiction of this court is based upon 28 U.S.C. §§ 1331 and 1338(a) because the controversy at issue arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101, et seq.), which is within the exclusive jurisdiction of the federal courts pursuant to 28 U.S.C. § 1331.

11.      This court has general personal jurisdiction over Spotify because Spotify has continuous and systematic contacts within the Southern District of Florida such that it can be found to be at home within the Southern District of Florida.

12.      This court has specific personal jurisdiction over Spotify for numerous reasons as well, including, but not limited to, the following:

a)      Watson is a Florida limited liability company, having its principal place of business in the Southern District of Florida, so the actions of Spotify are

2

not only directed at a citizen of the State of Florida, but the majority of the harm caused by Spotify to Watson has been suffered in the State of Florida. The Southern District of Florida has a considerable interest in adjudicating disputes in which Florida residents are the target of the harm resulting from the infringement and exploitation of the Watson Songs.

b)   Upon information and belief, Spotify maintains a presence in Miami in which it caters to the influx of Latin American music in the South Florida market in order to build its brand and focus on the tremendous market power of Latin American music and its followers. Spotify wants its workers in South Florida to be fluent in Spanish as well as English, with knowledge of Portuguese as an additional plus.

c)   Upon information and belief, the workers in Miami are focused on obtaining new content for Spotify as well as managing such content after acquisition.

d)   Upon information and belief, Spotify targets residents in the South Florida market, including those who have streamed the Watson Songs in Florida by utilizing Spotify's streaming platform.

e)   Upon information and belief, Spotify has subscription based users located in Florida.

f)   The songwriters of the majority of the Watson Songs are Mark Watson and David Watson, both of whom are residents of South Florida and have been directly affected in Florida by the streaming of the Watson Songs without compensation.

g) Upon information and belief, additional jurisdictional discovery will most certainly uncover additional facts supporting specific jurisdiction within the Southern District of Florida.

13. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391 and 1400(a) because (a) Spotify or its agents may be found within the Southern District of Florida, (b) Spotify is subject to personal jurisdiction within the Southern District of Florida and (c) Spotify has committed unlawful acts of infringement within the Southern District of Florida.

**FACTUAL BACKGROUND**

14. Watson was created to, among other things, own the rights to various intellectual property and enforce those rights against individuals and entities which infringe upon such rights.

15. Watson owns, by assignment, the rights to the intellectual property listed on the list which is attached hereto and made a part hereof as Exhibit "1" (the "Watson Songs").

16. All of the Watson Songs have been duly registered with the United States Copyright Office, with the registration numbers set forth in Exhibit "1".

17. Spotify offers interactive music streaming services to its customers through either a "Free Service" format or one or more paid, premium service formats known as "Paid Subscriptions."

18. Upon information and belief, the "Free Service" format contains advertisements and allows customers to interactively stream the songs contained in the Spotify library.

19. Upon information and belief, the "Paid Subscriptions" format allows the customers interactively stream the songs contained in the Spotify library as well as to download

4

music in order to listen offline.   The interactive music streaming and download capabilities of Spotify will be collectively referred to herein as the "Spotify Music Distribution System."

20.     According to the Spotify website, "[w]ith Spotify Premium, you can download music so it's available everywhere you go.  You can listen without an internet connection and save your mobile data by downloading up to 3,333 songs per device, on a maximum of 3 different devices." https://support.spotify.com/sk/using_spotify/the_basics/listen-offline/

21.     The music from the Spotify library can be downloaded to a computer or mobile device (Apple as well as Android).

22.     Spotify must obtain a license in order to make, reproduce and/or distribute songs from the Spotify library through the Spotify Music Distribution System, whether the songs are provided as part of the interactive service or downloads.

23.     Upon information and belief, as of July 2017 Spotify has over 140 million active users, of whom 60 million are paid subscribers with access to the Paid Subscriptions.

24.     Upon information and belief, as of July 2017 Spotify has a library of over 30 million songs which includes the Watson Songs.

25.      Spotify does not have a license to reproduce and/or distribute the Watson Songs through the Spotify Music Distribution System because it never procured an appropriate license for the Watson Songs.

26.     As the owner of the Watson Songs, Watson is entitled to full relief from Spotify pursuant to the United States Copyright Act.

27.     Spotify is a service which provides interactive music streaming which allows its customers to, among other things, select and download particular songs from its catalog of more than 30 million songs, including the Watson Songs.

28.     As an interactive music streaming service, Spotify is required to obtain a license allowing for the reproduction and/or distribution of every musical composition offered to its customers as part of the Spotify Music Distribution System.

29.     The United States Copyright Act provides the owner of a copyright with certain exclusive rights including, but not limited to, the exclusive right to reproduce and distribute a musical work.

30.     Every recorded performance contains two separate copyrights: (a) a copyright on the recorded performance, and (b) a copyright on the musical composition.

31.     In order to offer its customers the ability to stream music on-demand as well as download certain particular songs, Spotify would have to obtain both distinct licenses for the song and pay royalties for each.

32.     For each song streamed, Spotify was required by law to obtain one license for the recorded performance and another license for the musical composition, each of which would require payment of a royalty

33.     Spotify was aware that in order to operate the Spotify Music Distribution System, it needed to secure multiple rights from multiple copyright owners, including the right to reproduce sound recordings (including the musical works embodied therein), the right to distribute sound recordings (including the musical works embodied therein), and the right to publicly perform sound recordings (including the musical works embodied therein).

34.     Spotify never obtained any such rights with regard to the Watson Songs and therefore has continued to exploit the Watson Songs without a license to do so and has therefore engaged in multiple acts of copyright infringement over a long period of time.

6

35.     Spotify's knowing reproduction and duplication of the Watson Songs without the licenses necessary to legally reproduce and distribute such musical compositions demonstrates that Spotify has been and is willfully infringing upon the copyrights to the Watson Songs.

36.     The benefit derived by Spotify based on the infringement of the Watson Songs has a direct impact upon the market value of Spotify, its advertising revenue, other revenue and overall profit.

37.     All conditions precedent to the commencement of this action have occurred, been satisfied or waived.

38.     Watson has been required to hire legal counsel and has agreed to pay them costs and attorney's fees for their services rendered in this matter.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

39.     Watson repeats and realleges its allegations contained in paragraphs 1 through 38 as if separately set forth herein.

40.     As set forth above, Watson owns valid copyrights on the Watson Songs which are set forth on the list attached hereto and made a part hereof as Exhibit "1".

41.     All of the Watson Songs have been duly registered with the United States Copyright Office, with the registration numbers set forth in Exhibit "1".

42.     The Copyright Act provides that the owner of a musical composition has the exclusive rights to reproduce and distribute the composition in phonorecords.   17 U.S.C. § 106(1) and (3).

43.     The exclusive rights of the owner of a musical composition include the rights to make or authorize digital phonorecord deliveries, interactive streaming of music,

7

and downloads of the musical compositions through subscription and/or non-subscription online digital music services.

44. In order to make and distribute phonorecords embodying musical compositions, Spotify must first obtain a license from its owner for each individual phonorecord as well as a license from the owner of the underlying musical compositions.

45. Upon information and belief, the Watson Songs have been reproduced and/or distributed by Spotify by way of the Spotify Music Distribution System which includes interactive streaming, temporary and permanent downloads, and server copies, all without the required licenses granted to it by Watson.

46. The Spotify Music Distribution System enables customers to have access to music on computers as well as mobile devices.

47. Customers also have the ability to download songs for offline use.

48. Spotify has made unauthorized reproductions and engaged in unauthorized distribution of the Watson Songs.

49. The actions of Spotify with regard to the Watson Songs constitute a violation of the Copyright Act, 17 U.S.C. §§ 106, et seq. and 501.

50. Each interactive stream, temporary download and/or permanent download of one or more of the Watson Songs reproduced by Spotify and/or distributed to Spotify customers constitutes a separate and distinct act of copyright infringement, for which Spotify is liable as a direct infringer.

51.     Spotify's infringement of the Watson Songs has been and continues to be willful, intentional, purposeful and knowing and in disregard of and indifference to the rights of Watson.

52.     Spotify's infringement of the Watson Songs has been with complete disregard to the rights of Watson.

53.     Watson is entitled to actual damages, including the profits of Spotify, as will be established at trial, in accordance with 17 U.S.C. § 504(b).

54.     As an alternative to actual damages, Watson is entitled to receive the maximum amount of statutory damages ($150,000) per composition, for each of the Watson Songs, in accordance with 17 U.S.C. § 504(c).

55.     Watson is entitled to its costs, including reasonable attorney's fees, in accordance with 17 U.S.C. § 505.

WHEREFORE, the Plaintiff Watson Music Group, LLC seeks judgment against Defendant Spotify USA, Inc. for the following relief:

A.     A declaration that Spotify is directly liable for copyright infringement;

B.     A declaration that Spotify has willfully on Song in violation of the Copyright Act;

C.     A declaration that Watson is entitled to receive all revenue associated with the exploitation of the Watson Songs, commencing from the date of judgment and for all amounts not taken into consideration in the judgment;

D.     An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, inclusive of the injury to the market value of Watson's copyrights in the Watson Songs, and the profits of Spotify as will be proven at trial, including a finding that Spotify and other entities

9

under the control of Spotify are "practical partners" of each other and thus jointly and severally liable for the profits of each other or, in the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c), namely $150,000.00, for each act of willful infringement with respect to the Watson Songs;

E.      An award of attorney's fees and costs pursuant to 17 U.S.C. § 505 and under other applicable laws;

F.      For pre-judgment and post-judgment interest according to law, as applicable; and

G.      For such other and further relief as to this Court appears just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

December 4, 2017

Respectfully submitted,

/s/ Connis O. Brown, III

Connis O. Brown, III
Florida Bar No. 641960
Seth P. Robert
Florida Bar No. 145696
**BROWN ROBERT LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone: 954.832.9400
Facsimile: 954.832.9430
E-Mail: cbrown@brownrobert.com
E-Mail: srobert@brownrobert.com