UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 17-cv-62374-BB

WATSON MUSIC GROUP, LLC,

   Plaintiff,

v.

SPOTIFY USA INC.,

   Defendant.
_____/

## UNOPPOSED MOTION TO CONTINUE STAY

  The Plaintiff, Watson Music Group, LLC ("Watson" or "Plaintiff") hereby moves for a continuation of the stay of this action pending the outcome of the appeal from the Order and Final Judgment Approving Class Action Settlement issued by the United States District Court for the Southern District of New York of the Motion to Approve Final Settlement of the class action styled *Ferrick v. Spotify USA, Inc.*, Case No. 16-cv-8412 (AJN) (the "Ferrick Class Action").

  On February 12, 2018 this Court entered an Order [DE 26] granting Plaintiff's Unopposed Motion to Stay pending the determination of the motion for final approval of the Ferrick Class Action, administratively closing the case, terminating any pending deadlines and directing that "[t]he parties are to file the appropriate papers with the Court within **seven (7) days** of the Ferrick court's determination of the motion to approve final settlement."

  On May 22, 2018, the court in the Ferrick Class Action issued a Memorandum Opinion and Order which, among other things, approved the settlement of the Ferrick Class Action, a copy of which is attached hereto as Exhibit "A". Thereafter, the court in the Ferrick Class Action issued a Corrected Order and Final Judgment Approving Class Action Settlement ("Ferrick Final Judgment"), a copy of which is attached hereto as Exhibit "B".

1

The Plaintiff in this case disagrees with the ruling of the court in the Ferrick Class Action and intends to take an appeal from the Ferrick Final Judgment. It is not known whether other parties will appeal the ruling as well, but there are multiple other parties who objected to the final settlement and were adversely affected by the ruling. In order to maintain the status quo and conserve judicial resources, Plaintiff requests that this Court continue the existing stay of this case until there is a final determination on appeal of the Ferrick Final Judgment. Defendant Spotify USA Inc. ("Spotify") does not oppose this request.[1]

"District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets and the course of particular litigation." *Warren v. Cook Sales, Inc.*, 2016 WL 10807227, at *1 (S.D. Ala., March 3, 2016). *See also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances"). "In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the

---

[1] As in prior filings, Spotify expressly reserves any and all substantive and procedural defenses, including but not limited to any motions to dismiss under Rule 12. Spotify specifically reserves its objections and defenses based on lack of personal jurisdiction and improper venue, and reserves the right to make motions to dismiss on those grounds at the appropriate juncture.

court." *Brent v. Source Interlink Distribution, LLC*, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014).

Here, all of the pertinent factors strongly support the continuance of the stay: a stay will maintain the current status quo, not disadvantage Defendant and will significantly simplify the issues and reduce the burden of the parties and the Court in this action, because the outcome of the appeal of the Ferrick Final Judgment may be dispositive of the claims asserted here. *See Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.").

Accordingly, Plaintiff respectfully requests that the Court grant its motion to continue the stay this action pending final determination on appeal of the Ferrick Final Judgment. Respectfully submitted this 29th day of May, 2018.

        **BROWN ROBERT, LLP**
        *Attorneys for Plaintiff*
        150 N. Federal Highway, Second Floor
        Fort Lauderdale, Florida 33301
        Telephone:   (954) 832-9400
        Facsimile:    (954) 832-9430

        */s/ Seth P. Robert*
        _____
        Seth P. Robert
        srobert@brownrobert.com
        Florida Bar No. 145696
        Connis O. Brown, III
        cbrown@brownrobert.com
        Florida Bar No. 641960

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served via CM/ECF on May 29th, 2018, on the following:

James G. Sammataro, Esq
Hans H. Hertell, Esq.
Stroock & Stroock & Lavan LLP
200 South Biscayne Boulevard, Suite 3100
Miami, FL 33131
Tel: (305) 358-9900
Fax: (305) 789-9302
E-mail: jsammataro@stroock.com
E-mail: ksuarez@stroock.com
E-mail: hhertell@strookc.com

Allison Stillman, Esq.
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY
Tel: (212) 506-2500
E-mail: astillman@mayerbrown.com

*/s/ Seth P. Robert*

_____
Seth P. Robert (Florida Bar No. 145696)
srobert@brownrobert.com
Connis O. Brown (Florida Bar No. 641960)
cbrown@brownrobert.com
**BROWN ROBERT, LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone:  954.832.9400
Facsimile:  954.832.9430

*Attorneys for Plaintiff*